JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON
Christopher A. Gilmore, OSB No. 980570
Senior Assistant County Attorney
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214
Telephone:  (503) 988-3138
Facsimile:  (503) 988-3377
E-mail:  chris.gilmore@multco.us
   *Of Attorneys for Defendant Multnomah County*
   *Sheriff's Office and Bradley Harrington*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| TORIANDRE T. GIVENS,<br><br>        Plaintiff,<br><br>   v.<br><br>MULTNOMAH COUNTY SHERIFF'S OFFICE and DEPUTY BRADLEY HARRINGTON,<br><br>        Defendants. | Civil Case No.<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF THE COURT:**

PLEASE TAKE NOTICE that Defendants Multnomah County Sheriff's Office and Bradley Harrington (hereinafter "Defendants") hereby give notice that the above action is removed from the Circuit Court of the State of Oregon for the County of Multnomah, in which it is now pending, to the United States District Court for the District of Oregon. In support of removal, Defendants state the following:

Page 1 – NOTICE OF REMOVAL

## SUBJECT MATTER JURISDICTION

1.

Pursuant to 28 U.S.C.A. § 1441(1) "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2.

The entire action may be removed for those actions arising under the Constitution of the United States. 28 U.S.C.A. § 1441(2) and § 3722 Removal Based on Federal-Question Jurisdiction, 14C Fed. Prac. & Proc. Juris. § 3722 (Rev. 4th ed.)("a case may be removed on the basis of federal-question jurisdiction if adjudication of the plaintiff's claim for relief will depend on the application of the Constitution").

3.

Plaintiff, Toriandre Givens, claims he was the subject of cruel and unusual punishment relating to the conditions of confinement and excessive use of force under the Eighth Amendment (Exhibit 1, Complaint). As a result federal law is an essential element of the plaintiff's claims for relief and is therefore removable. § 3722.4 Removal Based on Federal-Question Jurisdiction - Removal Based on a Well-Pleaded Complaint, 14C Fed. Prac. & Proc. Juris. § 3722.4 (Rev. 4th ed.). The grounds for removal are clear based on the face of the Complaint. A copy of the Complaint is attached to this Notice as Exhibit 1, along with copies of all other process, pleadings and Orders that Defendants have received in the State Court action.

4.

This Court has original jurisdiction over Plaintiff's § 1983 claims under 28 U.S.C. § 1331.  This Court has the discretion to exercise supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

**TIMELY REMOVAL**

5.

Plaintiff filed this action on May 23, 2022 and Defendant Bradley Harrington was served on or about July 27, 2022.  Defendant Multnomah County Sheriff's Office was served with the Summons and Complaint on August 19, 2022.  Defendants' Notice of Removal is timely filed within 30 days of receipt, under 28 U.S.C. § 1446(b)(1).

**OTHER PROCEDURAL REQUIREMENTS**

6.

<u>Removal to Proper Court</u>.  This Court is part of the "district and division" embracing the place where the State Court Action was filed, and it is the proper venue for removal.  28 U.S.C. § 1446(a).

7.

<u>Pleadings and Process</u>.  As required by 28 U.S.C. 1446(a), Defendants have attached a set of all process, pleadings, and court orders that they have received in the State Court action as Exhibit 1 to this Notice.

8.

<u>Notice</u>.  As required by 28 U.S.C. 1446(d), a copy of this notice will be timely filed with the Clerk of the Multnomah County Circuit Court and served on Plaintiff.

Page 3 – NOTICE OF REMOVAL

9.

<u>Rule 11 Requirements</u>.  Defendants file this notice in accordance with Rule 11 of the Federal Rules of Civil Procedure.

10.

<u>Reservation of Rights</u>.  Defendants intend no admission of liability by this Notice and expressly reserves all defenses available to them.

11.

Based on the foregoing paragraphs, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367, and the claims may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

THEREFORE, Defendants respectfully give notice that the above action now pending against them in the Circuit Court of Oregon, County of Multnomah, has been removed to this Court.

Dated this 26th day of August, 2022.

Respectfully submitted,

JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON

<u>/s/ Christopher A. Gilmore</u>
Christopher A. Gilmore, OSB No. 980570
Senior Assistant County Attorney
   *Of Attorneys for Defendants*

8/19/2022
11:00 am
NRP

1/1  In the Circuit Court of Oregon      06-14 '22 PM05:09
and for the County of Multnomah       22CV16782

In the matter of:                          CASE
  Toriandre T Givens - plaintiff
        V.
  Multnomah County Sheriff office -         Summons
  Deputy Bradley Harrington (#3764)

1  ⚠️ ATTENTION DEFENDANTS READ CAREFULLY ⚠️
2  Attched is a true copy of a complaint filed against
3  you in the Court of Oregon. As of today you have 30
4  days to submitt a response called a Answer. YOU
5  MUST respond to the plaintiff directly and
6  send a copy to the court along with proof of
7  serface. The failure to comply with said rules
8  may prompt the plaintiff to seek a default
9  judgement against you. If you have questions
10 please contact a lawyer or contact the Oregon
11 State bar at PO BOX 231935 TIGARD OR 97281
12 503 620 0222

13 ✱ You are hereby summoned as of May 24, 2022 ✱

14 Respectfully submitted by         Toriandre Givens
15 plaintiff Toriandre Givens         #819899
16 11540 NE Inverness Dr
17 Portland Oregon 97220

Exhibit 1
Page 1 of 14

22CV16782

In the Circuit Court of Oregon
For the county of Multnomah

For the matter of
Toriandre T Givens

v

Multnomah County Sheriff office
Deputy Bradley Harrington (53764)

CASE

Formal Complaint

FILED 2022 MAY 23 AM 11:__

| | COUNSEL OF RECORD | |
|---|---|---|
| 1 | | |
| 2 | Toriandre Givens | PLAINTIFF |
| 3 | 11546 NE Inverness DR | PRO-SE |
| 4 | Portland Oregon 97220 | |
| 5 | inmate number 819899 | Contact method perfered |
| 6 | 5039883689 | - mail - |
| | | |
| 7 | Deputy Bradley Harrington | DEFENDANT |
| 8 | Multnomah County Sheriff office (MCSO) | DEFENDANT |
| 9 | 501 SE Hawthorne #350 | |
| 10 | Portland Oregon 97214 | |
| 11 | 5039883181 · Call FAX 5039883377 | |
| 12 | Attorney Jenny M Madour | Contact method perfered |
| 13 | 501 SE Hawthorne #500 | - unknown - MAIL - |
| 14 | Portland Oregon 97214 | |

— KEY CLAIMS —

1. USE OF FORCE  2. inadequate clothing

FORMAL COMPLAINT - FACE PAGE

Exhibit 1
Page 2 of 14

2

## JURISDICTION / VENUE

2. THE COMPLAINT AND ALLEGATIONS HEREIN Alledged
3. ARE AUTHORIZED BY THE CURRENT CIRCUIT COURT
4. OF OREGON TO REDRESS STATORY RIGHTS THAT ARE
5. SECURED BY THE OREGON CONSISTUTION

6. THE Jurisdiction ON HAND IS BELIEVED to be Correct
7. pursuant to ORS. 12.100 (an OFFICIAL ACT) AND ORS. 12.115
8. (NEGlect OR INJURY of ANOTHER)

9. THE VENUE ON HAND IS BELIEVED TO BE CORRECT
10. pursuant to ORS. R. CIV. P 4 (c) "ANY ACTION CLAIMING
11. INJURY TO A PERSON OR PROPERTY WITHIN OR WITHOUT
12. THIS STATE ARISING OUT of an act or omission
13. WITHIN THE STATE OF OREGON.

## PLAINTIFF

14.

15. Plaintiff Toriandre Givens is an inmate at inverness
16. Jail in custody of The Multnomah County Sheriff Office
17. (MCSO). Plaintiff is awaiting trial on criminal charge
18. Plaintiff is 22 years old with multiple Physicall
19. and mental pathologys Disabilitys. plaintiff pathologica
20. problems interfers with his daily functioning. plaintiff
21. is A CITIZEN OF PORTLAND OREGON

Exhibit 1
Page 3 of 14

3

## DEFENDANTS

1.

2. DEPUTY SERGEANT Bradley R Harrington #S3764
3. is an active Sergeant for the MCSO since 10/8/2018
4. Deputy SERGEANT (DS) Harrington is believed to
5. HAVE BEEN GRANTED His first DPSST Card for Oregon 12/11/2014
6. And is now Correction officer Advance 4/18/2022. D.S.
7. Harrington was first hired with MCSO 12/9/13. DS.
8. Harrington has Completed 1,031.50 Hours of passed
9. /Completed training. DS Harrington is believed to be a
10. citizen of Multnomah County Portland Oregon

11. Multnomah County Sheriff Office (MCSO) is Ran by
12. Michael Reese - sheriff of Multnomah County # 23000
13. Since 8-17-2016. On believe it looks as if sheriff
14. reese was first granted DPSST in 4/2/2015 And is now
15. police officer Advance status since 8/30/2016. SHERIFF
16. Reese is believed to started working for MCSO in
17. 8/7/1989 and resigned in 6/30/1994; sheriff was
18. rehired in 7-1-2016 where he is currently working. sheriff
19. reese has Completed 2,576.80 hours of traing sheriff
20. Reese is believed to be a citizen of portland oregon

21. Both Defendants are Sued individually and in their
22. official Capacity

Exhibit 1
Page 4 of 14

## FACTS

2. plaintiff Givens arrived into MCSO custody 9-15-20
3. and continues to remain in custody awaiting trial

4. plaintiff Givens was moved to Dorm 8 "protected custody
5. 3 Sex offenders Dorm" on

6. on 10-3-21 at around 6:pm inmate Givens walked to
7. The Dorm Supply Closet

8. on the way to the Spully Closet Deputy Palmer
9. #61211 was opening the dorms exterior door to allow
10. inmate gother the dinner cart. He then opened the
11. Supply Closet

12. inmate Givens needed supplies out the closet and was
13. waiting for it to be unlocked

14. Deputy palmer opened the closet and turned aroun
15. to inmate Givens playfully fliping him off.
16. Dep. Palmer said "Givens"

17. Dep. Palmer stood and stared at Givens for about a
18. minute inmate Gives smiled and walked away

19. about 6:26 Deputy Palmer opened the day room

Exhibit 1
Page 5 of 14

5

1. where he then told Givens to come to his Desk

2. Dep. PAlmER counseld Givens and disiplined him to
3. stay on bed restriction till 8pm

4. Inmate Gives was relieved from his restriction
5. around 8:05

6. On 10-3-21 at 1820 Dep. PAlmER Added a note in
7. Cims a deputy activity diary.

8. On 10-4-21 D.S. Harrington Directed Deputy palmer
9. to write Givens a disipline report for 10-3-21
10. "Blatant Disrespect" at 9:55 Am about

11. about 10:49 DEPUTY BELL APROCHED GIVENS STATEING
12. " Roll your shit up" then WALKED AWAY

13. Givens was transfered to Dorm 16-14 a Discipline
14. dorm "the Hole" and was told to comply with a Strip Sear

15. Givens DENIED by stating He Did not understand the
16. instructions to put his hands on his head when the
17. cuffs were tooken off by Deputy Romy

18. DEP. Romy called for Sgt Harringtons help who
19. entered the cell asking will you Comply with

Exhibit 1
Page 6 of 14

6

1. the strip search. Givens shrugged his sholders
2. D.S. Harrington told Deputy Romy to go get sicissors
3. Then cut my clothes off while Deputy romy heald
4. me constraint

5. Both Deputys left Givens on his bed naked, 5
6. minutes later they came back to Give Givens clothing

7. inmate Givens attended a discipline hearing on 10-6-2
8. at 817 for Both write ups # 42926 & 61211

9. Hearings officer Reid found Givens 42930 write up was
10. Dismissed as being discipline twice is a violation of
11. Due rights # 61211 was thrown out as Givens was
12. never supposed to move from Dorm 8 in the first place
13. and the unnecessary force was pruntive.

14. plaintiff Givens Suffered intentional infliction of emotional
15. distress, illegal punishment of a pretrial detainee, retaliation
16. uneccessary force, embarrastment, Humiliation, increased anxity
17. And Depression.

CLAIM 2 INADEQUATE clothing

19. At the time an inmate is tooken in custody and before they
20. are transfered to units also known as dorms all inmates are

Exhibit 1
Page 7 of 14

1. Given 1 pair of pink socks, 1 pair of underware (pink), 1 pink
2. t-shirt, 1 blue pair of pants, 1 BLUE SHIRT, FOR Female
3. inmates their given a bra.

4. inmates have chances to exchange their old clothing for
5. clean clothing twice A WEEK

6. MCSO HAVE sweaters that are given out under strict
7. circumstances (IE. MEDICLE reason, or placement in
8. DORM 17 (IJ) or Dorm 18 (IJ).

9. plaintiff Givens has been placed in dorms in Inverness jail
10. that have outside rec areas. in winter months inmate
11. Givens Has complained about the winter weather that
12. enters the Dorms via the rec doors - Reports via grievance to
13. facility Commander

14. plaintiff Givens have been placed in Dorm 17 and dorm
15. 16 were cold air is constinly blowing into the cells
16. year around plaintiff grieved issue to no prevail as well

17. on 3/11/22 plaintiff Givens was taken to an outside
18. medical appointment. The outside tempture was 35°

19. plaintiff Givens asked his dorm deputy for a sweater
20. (name unknown) and was denied

Exhibit 1
Page 8 of 14

1. on or around may First plaintiff got medical to
2. approve the use of a sweater when Givens leaves
3. the building.

4. THE OFFICER IN CHARGE DELLing permission for
5. Givens to be allowed a sweater even with the
6. medical approval they asked for

7. on 5/10 plaintiff went to an outside medical appoint-
8. ment and was not allowed a sweater by MCSO

## — LEGAL CLAIMS —

11. Plaintiff Givens is a pretrial detainee. A pretrial detainee
12. may not be punished prior to an adjudication of guilt in
13. adccordance with due process of law ingraham v write 430 0s69/
14. 671-672 N.40 674 (1997) Kennedy v mendez-martines 372 us 144 168-16:
15. applying that the plaintiff being subjected to any form of punishment
16. at all is an unconsistutional practice and deprivation of rights

17. Adults in custody are entitled to clothing per ors 169.140 that is at least
18. minimaly adequate for the conditions under witch the are confined. inmates of
19. allen county jail v wecht 565 F.supp 1278 1286 (w.D.pa 1983) holding prisoners
20. in restraints could not be deprived of clothing such as they were in no
21. position to do anything dangerous.

Exhibit 1
Page 9 of 14

MCSO forcefully exposed; continue to expose pretrial detainee Toriandre Givens (plaintiff) to extream outdoor weather conditions by Refusing to allow him adequate clothing such as a sweater, in MCIJ dorms, on medical outings and in recreation areas year around, even on day when the temp is very low such as 34°. the past and continued exposure to unconstitutional jail conditions deny minal civillized measures of life neeissities, and the infliction of pain or illness through extream cold conditions within the jail violate OR. Const. Art. 1 sub 1, 8, 9, 13, 16, & 20 by depriving plaintiff of heat a life necissitie witch is unecessary Rigious in Subjecting him to harsh, strict and seevere treatment. Wilson v Seiter 501 US 304, 111 S.CT 2321 (1991) - warmth is a basic human need; Benjamin v Fraser 343 F.3D at 52 - affirming finding of unconsistutionally based on evidance of extreme tempertures, including no heat at times during winter; Dixon v Godinez, 114 F.3D 640, 642-45 (7cir 1997) - prisoners have a right to profection from extreme cold; cold alone may violate the 8th admen; Severe discofort can be unconsitutional without imminently threating health; Henderson v DeRobaris 990 F.2D 1055, 1059 (7th cir 1991) constitutional rights dont come and go with the weather.

Deputy SGARGENT Bradley Harrington violated ORS - 421.107 & 421.105 on 10-4-21 when he acted under color of law by forcfully using cutters to remove the plaintiffs clothing witch was unreasonable and excessive according to ors 161.267 a correction officer my use force when beleved necessary to A) prevent escape B) restore disipline C) or prevent injury Force may be used to restore order or maintain disipline in the jail not to punish prisioners or to retaliate against them. Keeping order does not mean that once a prisioner misbehavied, anything goes. Force

Exhibit 1
Page 10 of 14

that is unreasonable, uneccessary or excessive to the need is indeed unconstitutional under ORS. 421 § 421.105, 107

The action of Deputy Sergeant Harrington in using physical force against plaintiff without need or provocation, or in thinking of another sultion were done maliciously and sadistcally an consistutes:
    1. Cruel and unusall punishment witch is forbiddin to be inflicted on any preetrial detainee - Any punishment not just injurious punishment
    2. ORS Const. Art I Sub 13 by Subjecting plaintiff to unreasonably, harsh, strict and severe treatment witch is unnecessary rigor "The law protects persons charged with a crime from ill or unjust treatment at all times. only reasonable & necessary force may be used 390 ore 426
    3. US. Const. Admendment 14 due process holding and creating high restricted conditions without a compelling necessity or otherwish consisteting punishment that was arbitory, purposeless & excissive

THE failure of MCSO to take disciplinary or other actions to curb the know pattern of physical abuse by seargent Harrington consitituted deliberate indifference to the plaintiff and other prisoners safety and contributed TO and proximately caused the above depriviation of
    1. Cruel and unusall punishment ORS. const. art I sub 16
    2 ORS. Const. Art I Sub 13    3. US. const. admen. 14

The Respondeat Sopemor allows recovery against an employeer when an employe violates Someone legal rights while acting within the scope of employment

SGT Harrington violated ORS 162.405 by violating ~~states~~ Statues named above relating to the office of Him (MCSO)

**Exhibit 1**
**Page 11 of 14**

17

1  SGT Harrington violated 169.076 by administering
2  physical punishment through the use of unnecessary force

3  SGT Harrington violated 163.160 by unlawfully and
4  intentionally, knowingly and recklessly causing physical
5  injury to the plaintiff contrary to the statues in such cases
6  made and provided and against the peace and dignity of
7  the state of Oregon.

8  Sgt Harrington violated 166.065(2) by unlawfully and
9  intentionally harrassing and annoying the plaintiff by
10 subjecting him to offensive physical contact, contrary
11 to the statues in such cases and provided and against
12 the peace and dignity of the state of Oregon

13 MCSO violated 169.140 by not providing the neccessary
14 clothing for winter weather on 3/11/22

15 Sgt Harrington acted under color of state law by using unneccesy
16 force to cut and tore Givens clothing. ORS 421.107 § 421.105
17 are clearly established laws stating when the use of force is
18 allowed. There is no law or policy stating an deputy mal-take
19 an action to rip of inmates clothing for failing to comply with a strip
20 serch. plaintiff was deprived of ORS 421.107 witch caused plaintiff
21 to loose a right guarenteed. defendant acted intentunally recklessly
22 and neglectivly and was a proximent caused to plaintiff injurys.

MCSO is equally held responsiblite for lines 15-22 through
repeadean respondant by failing to discipline or curb further abuse

Exhibit 1
Page 12 of 14

13

## Relif

WHEREFORE, plaintiff request that the court grant:

A - Issue Declaratory judgement stating that:
1. The unnecessary force of SGT. Harrington was in violation of state and federal rights and was acting under color of state law.
2. MCSO Failed to investagate and discipline or other action to curb the know pattern of abuse of SGT Harrington
3. MCSO Failed to provide adequate clothing appropiate per weather tempature

B. Enter an injuction ordering defendants SGT Harrington
1. cease All unnecessary force immediately including cutting & riping of inmates clothing unless ORS.161.267 is appleciable
2. preventing SGT Harrington from retaliation
And multnomah County sheriff office —
1. preventing MCSO from retaliation
2. To Retrain all deputys and STG on the use of force perticularly pertaining to the use of cutters and when to cut clothing.
3. To Esponge discipline records # 42930 & 42928
4. To buy and/or permitt the use of sweaters or clothing that relates and Coordinate with the weather such as (ie Sweaters, rain coats, jackets, flanels, thermals) in all dorms with rec-yards, all outside appointments including court services, medical appointments, outside rec & work crews

C. Award prunitive Damages in the following amounts
1. 10,000 SGT Harrington   2. 10,000 MCSO

D Award Compensatory in the amount of

Exhibit 1
Page 13 of 14

15.

1. 54000 jointly & severally against MCSO at 100$ a day during the coldest months of the year 2020 to present starting 9-15-20 For the physical and emotional injurys including stress, depression and other psychological impacts

2. 50,000$ jointly & severally against Stg Harrington For the use of unnecessary force, cutting & Riping clothing that violated the law

E. Grant such other relief as it appears that the plaintiff is entitled

VERIFICATION

I Toriandre Givens have read the foregoing wrote by myself without any legal help and hereby verify or declare that the matter alleged herein are true except as to those matters alleged on information and belief, and as to those, I believe to be true I declare under penalty of perjury that the foregoing is true and correct

Anything on belief, concultions and optintions in this complaint are based on dated information avalible to plaintiff or memory informate provided to me after issuance of complaint could result in a modification of this complaint thus I reserve the right to amend my complaint with notice and motion to all parties envoled

Signed 5/13/22    *Toriandre Givens*
Toriandre T Givens - plaintiff

Exhibit 1
Page 14 of 14

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2022, I arranged for service of the foregoing **NOTICE OF REMOVAL** on:

Toriandre Givens
SWIS No. 819899
Multnomah County Inverness Jail
11540 NE Inverness Drive
Portland, Oregon 97220

by the following method or methods as indicated:

**( X )**  by **mailing** to said person(s) a true copy thereof, said copy placed in a sealed envelope, postage prepaid and addressed to said person(s) at the last known address for said person(s) as shown above, and deposited in the post office at Portland, Oregon, on the date set forth above.

**(  )**  by **e-mailing** to said person(s) a true copy thereof in Word format, at the email address as shown above, pursuant to L.R. 5.2(b).

**(  )**  by **facsimile** to said person(s) a true copy thereof at the facsimile number shown above, which is the last known facsimile number for said person(s) on the date set forth above. A copy of the confirmation report is attached hereto.

**(  )**  by **email** to said person(s) at their last known email address.


/s/ Ona Davis
Ona Davis
Paralegal

Page 1 – CERTIFICATE OF SERVICE