IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TORIANDRE T. GIVENS,**

            Plaintiff,                                      No. 3:22-cv-01276-MO

    v.

**MULTNOMAH COUNTY SHERIFF'S**                       OPINION AND ORDER
**OFFICE et al.,**

            Defendants.

**MOSMAN, J.,**

       This case comes before me on Defendants' Motion for Summary Judgment [ECF 18], which was filed on December 27, 2022. Pro se Plaintiff received further notice of Defendants' motion when I issued a Summary Judgment Advice Notice [ECF 22] on January 3, 2023. Plaintiff did not file a response by the February 2, 2023, deadline. On February 13, 2023, I issued an Order to Show Cause [ECF 23]. Although that order was sent to Plaintiff, it was returned as undeliverable because Plaintiff did not provide an updated address. In light of Defendants' motion and supporting materials, as well as Plaintiff's failure to respond and update his address, I GRANT Defendants' Motion and ENTER JUDGMENT in favor of Defendants.

## LEGAL STANDARD

       Summary judgment must be granted if the moving party shows there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *High Tech Gays v. Def. Indus. Sec. Clearance Off.*, 895 F.2d 563, 574 (9th Cir. 1990). *Id.* If the non-moving party fails to properly address the moving

1 – OPINION AND ORDER

party's assertion of fact, a court may grant summary judgment. *See Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). But the court must make certain that the motion and supporting materials show that the moving party is indeed entitled to such a determination. *Id.* In addition, courts must construe pro se pleadings liberally and give plaintiffs the benefit of the doubt. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).

District of Oregon Local Rule 83-10 imposes a "continuing responsibility" on any unrepresented party to notify the court whenever their mailing address changes. LR 83-10(a). Notice of such a change of address must be filed in pleading form and served on all parties in any pending action. LR 83-10(b).

## DISCUSSION

Pro se Plaintiff brings claims for excessive force and inadequate conditions of confinement while housed in a Multnomah County jail. The excessive force claim arises from a strip search that Plaintiff was required to undergo before he was placed in disciplinary segregation for making an obscene gesture at an officer. The conditions of confinement claim relate to two alleged failures of the jail to provide Plaintiff with a sweater. I have reviewed Defendants' Motion for Summary Judgment and the materials submitted in support of their motion, and they thoroughly address both claims. Plaintiff did not suffer any injuries whatsoever during the alleged excessive force incident. Nor do the brief periods during which he was denied a sweater rise to the level of violations. Defendants have thus convincingly shown that there is no dispute as to any material fact and that they should be granted summary judgment.

Plaintiff had ample notice and opportunity to address Defendants' arguments and factual assertions. As noted above, both Defendants' motion and supporting materials as well as the court's summary judgment advice notice were *not* returned as undeliverable, indicating that they

reached Plaintiff. And although the court's order to show cause was returned as undeliverable, it was Plaintiff's responsibility to notify the court when his address changed. *See* LR 83-10. Plaintiff was aware of this responsibility; he had filed an address change notice previously in this case. *See* Notice of Change of Address [ECF 16]. So even giving Plaintiff the benefit of the doubt he is due as a pro se litigant, Plaintiff's failure to respond to Defendants' motion is still inexcusable.

## CONCLUSION

For the above reasons, I GRANT Defendants' Motion for Summary Judgment [ECF 18] and ENTER JUDGMENT in favor of Defendants.

IT IS SO ORDERED.

DATED this 9th day of March, 2023.

_____
MICHAEL W. MOSMAN
Senior United States District Judge

3 – OPINION AND ORDER